## (July 18, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BRUCE B. SAYERS and RONALD G. TREVAIL, Appellants.— *Per Curiam.* Appeals from adjudications of the County Court of Rensselaer County that defendants are

youthful offenders. The defendants, each approximately 18 years of age, were indicted for burglary in the third degree and grand larceny in the first degree and pursuant to recommendation by the District Attorney and upon their own consent were tried as youthful offenders; and at the conclusion of the trial each was adjudicated such and was sentenced accordingly. The burglary and larceny involved a country home and occurred between the hours of 6:15 P.M., at which time the owner left it, then observing the defendants nearby, and 8:30 P.M., when she returned, to find that the house had been entered and that a quantity of jewelry and currency, the latter including silver dollars, had been stolen. Two sets of footprints extended from the rear of the house to the highway. On that same evening, or very soon thereafter, defendants bought ice cream at a drugstore and each paid for his purchase with a silver dollar. The jewelry was subsequently found at the home of one of the defendants. There was proof of a written confession by one defendant and of an oral confession by the other. Each was disputed as involuntary and as obtained by physical force and coercion; and each was received in evidence after hearings thereon conducted during the progress of the nonjury trial, in substantial compliance with the decision in *People* v. *Huntley* (15 N Y 2d 72) which was handed down while the trial was in progress. There was warrant for a finding that each confession was voluntary and for a finding, upon the entire record, that each defendant was guilty. The conviction must be reversed, however, for legal error. Initially, the defendant Trevail was sworn only as a witness on the preliminary examination into the voluntariness of his confession and grave error, deprivative of his constitutional right against self incrimination, occurred when the District Attorney was permitted to undertake an extended cross-examination, over proper and repeated objections, upon the issue of his guilt or innocence. (*People* v. *Lacy,* 25 A D 2d 788.) The cross-examination, covering six pages of the transcript, related to defendant's activities on the evening of the burglary; tracing his movements in great detail; eliciting the name or identity of one or more possible witnesses; involving him in the ice cream purchase at the drugstore and forcing an explanation as to the source of the silver dollars there expended. Indeed, the People's brief on this appeal refers to defendants' attempts to " explain away the damaging fact of their possession of silver dollars at the East Greenbush Pharmacy that night", and that proof was first elicited upon the improper cross-examination of defendant Trevail early in the case and before the reception of the testimony of a number of other witnesses, including the pharmacy clerk, whose evident uncertainty might conceivably have been greater had not defendant preceded her on the stand. The respondent's assertion that any error or impropriety was of no moment, inasmuch as Trevail later testified in his own behalf, seems to us specious. In view of this conclusion, we do not reach the other questions raised by appellants. Judgments reversed, on the law and the facts and in the interests of justice, and a new trial ordered. Gibson, P. J., Taylor, Aulisi and Staley, Jr., JJ., concur; Herlihy, J., dissents and votes to affirm in the following memorandum. The majority decision for reversal and a new trial is premised on the sole ground that on the preliminary examination into the voluntariness of defendant Trevail's confession, improper cross-examination by the District Attorney was permitted and constitutes grave error. These defendants, after indictment, were found to be eligible to be adjudged youthful offenders under title VII-B of part VI of the Code of Criminal Procedure. It is not a right, but a privilege, and upon the advice of their counsel, they made such an election. Section 913-h of the Code of Criminal Procedure, captioned " Summary trial " provides: " In the event the defendant enters a plea of ' not guilty,' or, if the court on its own motion so direct, the defendant shall be tried for the purpose of determining whether he shall be adjudged a youthful offender. The trial

shall be held by the court without a jury." Any Judge, with a background of criminal experience, knows that the youthful offender proceedings are purposely conducted on an informal basis in the privacy of chambers. It is academic that alleged youthful offenders are entitled to the full protection of the law. A reading of the present record, as a whole, or the six pages referred to in the majority statement, amply establishes that these defendants had a fair and impartial trial. There is not, in my opinion, anything incriminating in the specific testimony and assuming *arguendo*, but not conceding, if prejudicial it was not so material or so substantial as to require a reversal and new trial. The record does not permit the assumption that the recollection of witnesses, if present, might have been refreshed as a result of the cross-examination of Trevail, and this is particularly so as to Johanna Schneidt, the pharmacy clerk. The trial commenced on January 6 and ended on January 11. Immediately prior to her testimony on the last day of the trial, the codefendant Bruce B. Sayers, testified, *inter alia*, concerning possession by Trevail and himself of the silver dollars. The defendant Trevail had testified on January 6 and it is fair to assume that the clerk was not present in court on that date. The other witnesses, members of the State Police, who testified concerning the money, had full knowledge of the facts. We are not concerned here with Judge-jury, law-fact procedure (see Code Crim. Pro., § 419), but with a Judge hearing the evidence and considering the law and the facts and thereupon rendering a decision, which is supported by the record. (Cf. *People* v. *Hurst*, 10 N Y 2d 939.) The purpose of a *voir dire* hearing, out of the presence of the jury, is designed to keep such testimony from the jury in the event that the confession is held not admissible. If the defendant testifies at the hearing, such testimony cannot thereafter be used at the trial before the jury. It is the alleged prejudice before the jury that caused the courts to change the procedure. It cannot be the intent of the courts to find grounds for reversal in criminal cases based on every technicality. The concern of the courts is that persons charged with a crime have a fair trial. The present record is the best evidence that such was accorded these defendants. *People* v. *Lacy* (25 A D 2d 788) has no application to the present facts. I have considered the other alleged errors and, under the circumstances, find that they do not affect the substantial rights of the parties. (See Code Crim. Pro., § 542.) I vote to affirm the adjudications which determined the defendants to be youthful offenders.